# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

HALEY COLE,

        *Plaintiff,*

      *v.*

ACCENTURE LLP and LAWRENCE
CHRISTOPHER YOUNG, ELLYN
SHOOK, and RYAN OAKES in their
individual and professional capacities,

        *Defendants.*

No. 1:24-cv-1897-MHC-JKL

JURY TRIAL DEMANDED

## MEMORANDUM OF LAW IN SUPPORT OF
## ELLYN SHOOK AND RYAN OAKES'S
## <u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

# TABLE OF CONTENTS

INTRODUCTION ................................................................................. 1

BACKGROUND .................................................................................. 2

LEGAL STANDARD ........................................................................... 4

ARGUMENT ....................................................................................... 5

I.     THE COURT LACKS PERSONAL JURISDICTION OVER
       SHOOK AND OAKES. .................................................................. 5

       A.    Plaintiff Fails to Satisfy Georgia's Long-Arm Statute. ................. 6

       B.    The Exercise of Jurisdiction Would Violate Due Process. .............. 9

II.    FOUR OF PLAINTIFF'S CLAIMS ARE UNTIMELY AND MUST
       BE DISMISSED. ......................................................................... 10

       A.    Three of Plaintiff's Title VII Claims Are Time-Barred. ............... 10

       B.    Plaintiff's Claim For Intentional Infliction Of Emotional
             Distress ("IIED") Is Time-Barred. .................................................. 12

III.   PLAINTIFF FAILS TO STATE A TITLE VII CLAIM. ......................... 12

       A.    Plaintiff Has No Title VII Claim Against Shook or Oakes. .......... 12

       B.    Plaintiff's Title VII Claims Against Shook and Oakes Must Be
             Dismissed For Failure To Exhaust. ................................................ 13

       C.    Plaintiff Fails To State A Sex Discrimination Claim. ................. 14

       D.    Plaintiff Fails To State A Hostile Work Environment Claim. ..... 15

       E.    Plaintiff Fails To State A Constructive Discharge Claim. .......... 17

       F.    Plaintiff Fails To State A Retaliation Claim. .............................. 18

IV.    PLAINTIFF'S TORT CLAIMS FAIL AS A MATTER OF LAW. ............ 20

       A.    Shook And Oakes Are Not Vicariously Liable For Young's
             Alleged Torts. ................................................................................... 20

**TABLE OF CONTENTS**
(continued)

<u>Page</u>

B.    Plaintiff Fails To State A Tort Claim Based On Any Alleged
      Conduct By Shook Or Oakes. ....................................................... 22

CONCLUSION .................................................................................. 25

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aero Toy Store, LLC v. Grieves,*
  631 S.E.2d 734 (Ga. Ct. App. 2006) ......................................................... 6, 8

*Alpharetta First United Methodist Church v. Stewart,*
  472 S.E.2d 532 (Ga. Ct. App. 1996) ............................................................ 22

*Amerireach.com, LLC v. Walker,*
  719 S.E.2d 489 (Ga. 2011) ............................................................................7

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009).................................................................................. 4, 16

*Baynes v. Philips Med. Sys. (Cleveland), Inc.,*
  2009 WL 3158180 (N.D. Ga. Sept. 25, 2009)............................................. 12

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................... 4, 5

*Benson v. Deere & Co.,*
  2019 WL 12382920 (N.D. Ga. May 10, 2019) ....................................... 21, 24

*Bowens v. Sodexo, Inc.,*
  2019 WL 13268194 (N.D. Ga. Feb. 14, 2019) ................................. 22, 23, 24

*Brady v. Harris Ventures Inc.,*
  2022 WL 22288351 (N.D. Ga. Feb. 3, 2022) .............................................. 25

*Brannon v. Sec'y, Dep't of Veterans Affs.,*
  2023 WL 1161129 (11th Cir. Jan. 31, 2023)............................................... 17

*Brohm v. Nautic Partners, LLC,*
  2019 WL 12831727 (N.D. Ga. July 23, 2019) ...............................................5

*Buford v. Life Storage, LP,*
  2019 WL 13031988 (N.D. Ga. Oct. 17, 2019)............................................. 19

*Clayton v. Dreamstyle Remodeling of Colo., LLC,*
  2022 WL 910957 (D. Colo. Mar. 28, 2022)................................................. 20

iii

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Cramer v. Bojangles' Rests., Inc.*,
    2012 WL 716176 (N.D. Ga. Feb. 8, 2012) .................................................. 21

*DaimlerChrysler Motors Co. v. Clemente*,
    668 S.E.2d 737 (Ga. Ct. App. 2008) ....................................................... 21

*Davis v. O'Rourke*,
    2018 WL 8997476 (N.D. Ga. July 18, 2018) ............................................. 19

*Dearth v. Collins*,
    441 F.3d 931 (11th Cir. 2006)................................................................... 12

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
    593 F.3d 1249 (11th Cir. 2010)................................................................... 5

*Doe v. Fulton-DeKalb Hosp. Auth.*,
    628 F.3d 1325 (11th Cir. 2010)................................................................. 22

*Eley v. Fedee*,
    869 S.E.2d 566 (Ga. Ct. App. 2022) ........................................................ 24

*Evans v. Atlanta Pub. Schs.*,
    2016 WL 6824422 (N.D. Ga. Sept. 20, 2016)........................................... 15

*Farrell v. Time Serv., Inc.*,
    178 F. Supp. 2d 1295 (N.D. Ga. 2001) .................................................... 24

*Greene v. Ala. Dep't of Revenue*,
    746 F. App'x 929 (11th Cir. 2018) ...................................................... 18, 19

*Hadley v. Bank of Am., N.A.*,
    2018 WL 4656426 (N.D. Ga. Aug. 27, 2018)........................................... 23

*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17 (1993)....................................................................... 15, 16, 17

*Hawthorne v. DeJoy*,
    2023 WL 5987406 (N.D. Ga. June 27, 2023) ........................................... 15

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ........................................................................9

*Hendrix v. Ciox Health,*
    2018 WL 11486841 (N.D. Ga. Oct. 15, 2018) .............................. 13

*Hipp v. Liberty Nat'l Life Ins. Co.,*
    252 F.3d 1208 (11th Cir. 2001) .................................................... 17

*Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank*
    *of Ames,*
    620 S.E.2d 352 (Ga. 2005) .............................................................6

*Ivey v. Savannah-Chatham Pub. Sch.,*
    2021 WL 3549901 (S.D. Ga. Aug. 11, 2021) ................................ 11

*Jenkins v. MCG Health, Inc.,*
    2008 WL 116335 (S.D. Ga. Jan. 7, 2008) ..................................... 18

*Kinlocke v. McDonough,*
    2023 WL 6614446 (N.D. Ga. Feb. 21, 2023) ................................ 13

*Lewis v. Asplundh Tree Expert Co.,*
    402 F. App'x 454 (11th Cir. 2010) ................................................ 14

*McClure v. Oasis Outsourcing II, Inc.,*
    674 F. App'x 873 (11th Cir. 2016) .......................................... 13, 14

*McCrary v. Middle Ga. Mgmt. Servs., Inc.,*
    726 S.E.2d 740 (Ga. Ct. App. 2012) ............................................ 23

*Mears v. Gulfstream Aerospace Corp.,*
    484 S.E.2d 659 (Ga. Ct. App. 1997) ............................................ 12

*Mitchell v. Univ. of N. Ala.,*
    785 F. App'x 730 (11th Cir. 2019) .......................................... 18, 19

*Muldrow v. City of St. Louis,*
    144 S. Ct. 967 (2024) ................................................................... 19

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Nat'l R.R. Passenger Corp. v. Morgan,*
536 U.S. 101 (2002) ....................................................................... 11

*Ogletree v. Necco,*
2016 WL 7010869 (N.D. Ga. Nov. 30, 2016) ............................... 15

*Palmer v. McDonald,*
624 F. App'x 699 (11th Cir. 2015) ............................................... 18

*Rasnick v. Krishna Hosp., Inc.,*
690 S.E.2d 670 (Ga. Ct. App. 2010) ............................................ 23

*Rogers v. Bon Appetit Mgmt. Co.,*
2023 WL 4629544 (N.D. Ga. July 19, 2023) ......................... 24, 25

*Sanho Corp. v. KaiJet Tech. Int'l Ltd.,*
2021 WL 2355096 (N.D. Ga. June 9, 2021) ................................... 8

*Smith v. Lomax,*
45 F.3d 402 (11th Cir. 1995) ........................................................ 12

*Sprint Nextel Corp. v. Ace Wholesale, Inc.,*
2014 WL 688134 (N.D. Ga. Feb. 21, 2014) ................................... 8

*Stewart v. Storch,*
617 S.E.2d 218 (Ga. Ct. App. 2005) ....................................... 21, 22

*Terrafranca v. Virgin Atl. Airways Ltd.,*
151 F.3d 108 (3d Cir. 1998) ......................................................... 24

*United Techs. Corp. v. Mazer,*
556 F.3d 1260 (11th Cir. 2009) ..................................................... 5

*Virgo v. Riviera Beach Assocs., Ltd.,*
30 F.3d 1350 (11th Cir. 1994) ..................................................... 14

*Waite v. All Acquisition Corp.,*
901 F.3d 1307 (11th Cir. 2018) ..................................................... 9

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Walden v. Fiore,*
    571 U.S. 277 (2014) ............................................................. 6, 9, 10

*WAM USA, Inc. v. Fierros,*
    2022 WL 20689729 (N.D. Ga. Dec. 19, 2022) ........................... 7, 8

*Weiland v. Palm Beach Cnty. Sheriff's Off.,*
    792 F.3d 1313 (11th Cir. 2015) .................................................. 16

*West v. DJ Mortg., LLC,*
    271 F. Supp. 3d 1336 (N.D. Ga. 2017) ....................................... 20

*Wilkerson v. Grinnell Corp.,*
    270 F.3d 1314 (11th Cir. 2001) .................................................. 10

**Statutes**

42 U.S.C. § 2000e-5 .......................................................................... 10

Ga. Code Ann. § 9-3-33 .................................................................... 12

Ga. Code Ann. § 9-10-91 ................................................................ 6, 8

# INTRODUCTION

In clear violation of established precedent, plaintiff Haley Cole seeks to hold individual defendants Ellyn Shook and Ryan Oakes liable under Title VII and various state tort theories for alleged sexual harassment by Larry Young, Plaintiff's former supervisor at Accenture LLP.[1]  But the complaint contains scant few allegations concerning Shook and Oakes, and those that do exist confirm that, far from injuring Plaintiff, these Accenture executives came to Plaintiff's aid in the wake of Plaintiff's harassment allegations against Young. Shook was "one of the final decisionmakers" who *fired* Young after Plaintiff reported him, FAC ¶ 105, while Oakes was allegedly "involved" in the decision to assign Plaintiff to a new team, *id.* ¶ 120—a move *Plaintiff requested*, Ex. C.

This Court should dismiss the meritless claims against these two defendants.  This Court lacks personal jurisdiction over Shook and Oakes because neither of them lives or works in Georgia, nor did they engage in any contacts with Georgia that gave rise to Plaintiff's asserted injuries.  Even if this Court could exercise jurisdiction, four of the claims against Shook and Oakes are time-barred, and all are factually and legally baseless.  Most glaringly, Plaintiff asserts claims under Title VII against Shook and Oakes in the face of Eleventh Circuit precedent holding that this statute provides no

---

[1]  Plaintiff uses the pronouns "they / them / theirs."  FAC ¶ 163.

cause of action against individual employees.  The complaint also contains no allegations that would tie Shook or Oakes to any actionable injury, and instead improperly attempts to shift liability for Young's allegedly harassing conduct onto these defendants.  Plaintiff's threadbare allegations cannot sustain their wide-ranging Title VII and state-law tort claims against Shook and Oakes.

## BACKGROUND

Plaintiff was hired by Accenture in May 2016 as a management consulting analyst and began reporting to Young in January 2020.  FAC ¶¶ 7, 20, 37.[2]  Plaintiff and Young developed a personal friendship.  They confided in each other, and Plaintiff attended an annual "Friendsgiving" celebration at Young's home.  *Id.* ¶¶ 45, 48, 53, 93.  On New Year's Day 2022, away from Accenture's office, the two exchanged texts in which Young "shar[ed] sexually intimate details of his relationship" and "inquir[ed] about" Plaintiff's "romantic life."  *Id.* ¶ 58.  Young sent sexual images to Plaintiff, and at Young's request, Plaintiff shared "personal images."  *Id.* ¶¶ 63–64.  Young and Plaintiff then had a "sexual encounter" on a "live video call."  *Id.* ¶¶ 66–68.

Plaintiff did not report this incident to Accenture at the time.  In April 2022, Plaintiff "took the first of several intermittent leaves of absence."  FAC ¶ 81.  Plaintiff returned to work on May 31, 2022, but took another "medical

---

[2] Shook and Oakes accept the factual allegations of the first amended complaint as true solely for purposes of the motion to dismiss.

leave" on July 10, 2022.  *Id.* ¶¶ 82, 86.

On December 2, 2022, almost a year after the incident and while Plaintiff was "still out of the office" on leave, Plaintiff "reported" Young's "sexual harassment to Accenture's complaint hotline."  FAC ¶¶ 97, 100.  Consistent with Accenture's policies and values, Accenture's Employee Relations and Corporate Investigations team immediately launched an investigation, meeting with Plaintiff within three days to take a "detailed report."  *Id.* ¶¶ 1, 23, 101.  "Throughout December 2022 and January 2023, Accenture investigated" Plaintiff's complaint.  *Id.* ¶¶ 105, 107.  Plaintiff remained on paid leave during the entire investigation.  *Id.* ¶ 102.  On January 10, 2023, Accenture informed Plaintiff that "Young would no longer be employed by Accenture."  *Id.* ¶ 107.  Plaintiff alleges that Shook, Accenture's Chief Leadership and Human Resources Officer, was "personally involved in the investigation" and was "one of the final decisionmakers about the outcome of the investigation," *id.* ¶ 105—which was to fire Young, *id.* ¶ 107; *see also id.* ¶ 1 (quoting Shook as saying that "[l]eaders" must "hold themselves and others accountable to a high standard" and that employees "can be fired" for "sexual harassment").

Plaintiff returned to work on January 18, 2023.  FAC ¶ 109.  The complaint alleges that, at that time, Plaintiff "discovered that they had been assigned to a new team."  *Id.* ¶¶ 109, 115.  In fact, as Plaintiff's own exhibit

shows, Plaintiff "*asked* to be transferred to another team," Ex. C (emphasis added)—a request Accenture granted, FAC ¶ 115.  Plaintiff alleges that Ryan Oakes, the Chair of Accenture's Global Health and Public Services Industry practice group, was "at least one of the decision makers involved in transferring Plaintiff" to the new team at Plaintiff's request.  *Id.* ¶¶ 11, 120.

On May 31, 2023, Plaintiff took "another leave of absence from work." FAC ¶ 130.  On December 21, 2023, nearly seven months later and while Plaintiff was still on leave, Plaintiff notified Shook, Oakes, and an employee relations manager of their resignation.  *Id.* ¶ 155.  Although Plaintiff had recently "been approved for long term disability through November 2024," Plaintiff conveyed their purported belief that they "had no other choice but to terminate [their] employment with Accenture."  Ex. C.  One week later, on December 29, 2023, Plaintiff filed a charge of discrimination with the EEOC. After the EEOC issued a notice of right to sue, Plaintiff filed this lawsuit on April 30, 2024, and the operative first amended complaint on May 2, 2024.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although courts generally "must accept as true all of the allegations" in a complaint, that rule is "inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the "[f]actual allegations must be enough to raise

a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

## ARGUMENT

### I.    The Court Lacks Personal Jurisdiction Over Shook And Oakes.

The Court should dismiss the claims against Shook and Oakes because it lacks personal jurisdiction over them.  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  The plaintiff must show that jurisdiction comports with both (1) the state long-arm statute and (2) due process. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010).  If the defendant "challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Techs. Corp.*, 556 F.3d at 1274 (quotations omitted).  The plaintiff must then "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Brohm v. Nautic Partners, LLC*, 2019 WL 12831727, at *3 (N.D. Ga. July 23, 2019).

Plaintiff asks this Court to exercise jurisdiction over Shook, a New York resident, and Oakes, a Connecticut resident, because they made decisions that allegedly affected Plaintiff in their home state of Georgia.  FAC ¶¶ 7, 10–11.

But personal jurisdiction must arise out of "the defendant's contacts with the forum State itself, not . . . with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, the complaint contains no allegation that Shook or Oakes engaged in any conduct aimed at Georgia "itself," *id.*, and the declarations confirm that neither defendant had any suit-related contacts with that state, Shook Decl. ¶¶ 5–11; Oakes Decl. ¶¶ 5–14. The mere fact that Plaintiff claims to have suffered injury in Georgia does not suffice to establish jurisdiction there. It is axiomatic that "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

## A. Plaintiff Fails To Satisfy Georgia's Long-Arm Statute.

Georgia's long-arm statute provides jurisdiction over a nonresident defendant who "[c]ommits a tortious act" or "[t]ransacts any business within this state." Ga. Code Ann. § 9-10-91(1)–(2). The statute is read "literal[ly]." *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames*, 620 S.E.2d 352, 355 (Ga. 2005). Accordingly, "an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction" there. *Id.* at 353.

This Court cannot exercise jurisdiction over Shook or Oakes under the long-arm statute because the complaint fails to allege that either of them committed any tortious act in Georgia or "purposefully . . . consummated some transaction in this state." *Aero Toy Store, LLC v. Grieves*, 631 S.E.2d 734, 737

6

(Ga. Ct. App. 2006).  Both defendants "lived" out of state, "worked" out of state, and engaged in all suit-related conduct out of state.  *WAM USA, Inc. v. Fierros*, 2022 WL 20689729, at *6 (N.D. Ga. Dec. 19, 2022); *see* FAC ¶¶ 10–11; Shook Decl. ¶¶ 3–11; Oakes Decl. ¶¶ 3–14.  In fact, Shook did not travel to Georgia for any work-related purpose between January 2020, when Young became Plaintiff's supervisor, and January 2023, when he left the company.  FAC ¶¶ 105, 120; Shook Decl. ¶ 7.  Oakes visited Georgia only once during this time for a meeting unrelated to the allegations in the complaint.  Oakes Decl. ¶ 7.

The complaint, indeed, contains no allegation that would tie any of Shook or Oakes's suit-related conduct to Georgia—other than the fact that Plaintiff happens to reside there.  The complaint alleges that Shook was "personally involved" in the Young investigation and was "one of the final decisionmakers about the outcome," while Oakes was supposedly "involved" in the decision to transfer Plaintiff to a different team.  FAC ¶¶ 105, 120.  But the complaint pleads no facts suggesting that Shook or Oakes made these decisions in Georgia, *see id.*, and their declarations confirm they did not, Shook Decl. ¶ 10; Oakes Decl. ¶¶ 11–13.  That Accenture itself conducts business in Georgia is irrelevant, as "jurisdiction over a corporate employee or officer does not automatically follow from jurisdiction over the corporation." *Amerireach.com, LLC v. Walke*r, 719 S.E.2d 489, 494 (Ga. 2011) (quotations omitted).

Even if Shook or Oakes had some relevant contact with Georgia, Plaintiff

7

would still be unable to satisfy the long-arm statute because neither defendant's alleged decision making was tortious. *See* Ga. Code Ann. § 9-10-91(1)–(2). The defendants' conduct likewise falls outside the ordinary definition of a "transaction," which includes contracting, "soliciting business," shipping goods, or otherwise "deriving substantial revenue from goods or services." *Aero Toy Store*, 631 S.E.2d at 738–39. To the extent Shook or Oakes engaged in limited "email and phone communications" related to their decisions, an "abundance of authority" holds that such communications do not constitute a "transaction" under Georgia's long-arm statute. *WAM USA*, 2022 WL 20689729, at *6; *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2014 WL 688134, at *5 (N.D. Ga. Feb. 21, 2014) ("a series of telephone calls with an employer (or here, a fellow employee) is insufficient on its own to constitute a transaction of business under Georgia law").

Finally, Plaintiff cannot claim personal jurisdiction over Shook or Oakes on the theory that Plaintiff suffered "a tortious injury in this state caused by an act or omission outside" Georgia. Ga. Code Ann. § 9-10-91(3). That section of the long-arm statute extends jurisdiction only to a nonresident defendant who "regularly does or solicits business, or engages in any other persistent course of conduct . . . in this state," *id.*, which neither Shook nor Oakes does, *see* Shook Decl. ¶¶ 4–5, 12–13; Oakes Decl. ¶¶ 4–5, 15–16; *see also Sanho Corp. v. KaiJet Tech. Int'l Ltd.*, 2021 WL 2355096, at *8 (N.D. Ga. June 9, 2021) (no

8

personal jurisdiction under this provision where defendant "does not make, use, sell, or import products," "is not registered to transact business," and "has never paid taxes or maintained property in the State").

### B.    The Exercise Of Jurisdiction Would Violate Due Process.

Due process provides an independent check on the exercise of personal jurisdiction over Shook and Oakes.  To satisfy due process, a plaintiff's claims must "'arise out of or relate to' at least one of the defendant's contacts with the forum," and the defendant must have "purposefully availed itself of the privilege of conducting activities []in the forum."  *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018).  Plaintiff satisfies neither condition because the complaint fails to identify a single contact Shook or Oakes had with Georgia that gave rise to Plaintiff's claims.  *Walden*, 571 U.S. at 289.

Plaintiff alleges that Shook and Oakes made decisions relating to their complaint and "failed to offer any measure of support to Plaintiff"—but none of these actions took place in Georgia.  FAC ¶¶ 105, 120, 122; *see* Shook Decl. ¶¶ 10–11; Oakes Decl. ¶¶ 11–13.  And mere awareness that decisions made out of state will affect a plaintiff inside their home state does not create jurisdiction over a defendant.  *See Walden*, 571 U.S. at 289–90; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (plaintiff's "unilateral activity" is "not an appropriate consideration" for personal jurisdiction).  Personal jurisdiction must be based on "contacts that the defendant *himself* creates with

the forum State," *Walden*, 571 U.S. at 284—and, here, such contacts are nowhere to be found.  The Court should therefore dismiss.

## II.   Four Of Plaintiff's Claims Are Untimely And Must Be Dismissed.

Even if this Court could exercise personal jurisdiction over Shook and Oakes, which it cannot, the Court should dismiss the claims of sex discrimination (Count I), hostile work environment (Count II), and retaliation (Count IV) under Title VII and the claim for intentional infliction of emotional distress (Count VII) because they are out of time.

### A.   Three Of Plaintiff's Title VII Claims Are Time-Barred.

A plaintiff asserting a claim under Title VII must first exhaust administrative remedies by filing a charge with the EEOC within 180 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1); *see Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).  Here, Plaintiff filed their EEOC charge on December 29, 2023.  FAC ¶ 16.  Plaintiff therefore cannot recover for any allegedly discriminatory conduct that occurred more than 180 days before that date—*i.e.*, before July 2, 2023.

***Discrimination (Count I).***  Although Plaintiff names Shook and Oakes as defendants in the Title VII discrimination claim, that claim rests exclusively on Young's alleged harassment that "[s]tart[ed] in 2020[,] . . . persist[ed] through December 2022," and necessarily ended by January 18, 2023, Young's last day at Accenture.  FAC ¶¶ 108, 164–75.  Because the last of these allegedly

10

"discriminatory acts" occurred well before July 2, 2023, this claim is time-barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

***Hostile Work Environment (Count II).*** A hostile work environment claim is timely "so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Morgan*, 536 U.S. at 122. As with the discrimination claim, Plaintiff's hostile work environment claim is premised on Young's alleged sexual misconduct, which necessarily ended by his January 18, 2023, termination date. FAC ¶ 191. For the same reasons, this claim too is untimely.

***Retaliation (Count IV).*** Plaintiff alleges that Shook engaged in retaliation because she "was directly involved in the investigation of Mr. Young's sexual harassment." FAC ¶ 216. But that investigation concluded by January 10, 2023, when Accenture informed Plaintiff that Young "would no longer be employed" at the company. *Id.* ¶¶ 105, 107. As for Oakes, Plaintiff alleges that he retaliated by participating in the decision to "transfer" Plaintiff "to a less prestigious position," an event that likewise took place "in January 2023." *Id.* ¶ 215. Because all of this alleged activity predated the EEOC charge by more than 180 days, Plaintiff's retaliation claim must be dismissed as untimely. *See Ivey v. Savannah-Chatham Pub. Sch.*, 2021 WL 3549901, at *10 (S.D. Ga. Aug. 11, 2021) (dismissing retaliation claim because all "identifiable acts" of retaliation occurred prior to the administrative exhaustion period).

11

**B.    Plaintiff's Claim For Intentional Infliction Of Emotional Distress ("IIED") Is Time-Barred.**

Plaintiff's tort claims are subject to a two-year statute of limitations.  Ga. Code Ann. § 9-3-33; *Mears v. Gulfstream Aerospace Corp.*, 484 S.E.2d 659, 663 (Ga. Ct. App. 1997).  Plaintiff's IIED claim does not clear that two-year time bar because it turns entirely on the texts and video call with Young that occurred on January 1, 2022—more than two years before the April 30, 2024, complaint.  FAC ¶¶ 68, 235.  Even if Plaintiff were to argue that this claim did not accrue until they took their first leave of absence to address the "mental health impact" of this event, that leave began on April 1, 2022—outside the limitations period.  *Id.* ¶ 81; *Baynes v. Philips Med. Sys., (Cleveland), Inc.*, 2009 WL 3158180, at *2 (N.D. Ga. Sept. 25, 2009).

## III.   Plaintiff Fails To State A Title VII Claim.

**A.    Plaintiff Has No Title VII Claim Against Shook or Oakes.**

Plaintiff's Title VII claims against Shook and Oakes fail at the outset because Title VII affords no right of action against individual employees.  The Eleventh Circuit has "expressly" held that "relief under Title VII" runs only against the employer, "not against individual employees whose actions would constitute a violation of the Act."  *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006); *see also Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (employees "cannot be held liable under . . . Title VII").  In step with that precedent, this Court routinely dismisses Title VII claims against individual

12

employees.  *See Kinlocke v. McDonough*, 2023 WL 6614446, at *7 (N.D. Ga. Feb. 21, 2023); (dismissing on the ground that "Title VII does not authorize suits against individuals"); *Hendrix v. Ciox Health*, 2018 WL 11486841, at *3 (N.D. Ga. Oct. 15, 2018) (similar).  The same result is required here.

## B. Plaintiff's Title VII Claims Against Shook And Oakes Must Be Dismissed For Failure To Exhaust.

Even if the Title VII claims could somehow survive this obvious barrier to suit, which they cannot, the claims still fail because Plaintiff did not name Shook or Oakes in their EEOC charge.  *See* Ex. A.  "Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action" because the claims against that party were not administratively exhausted. *McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 874 (11th Cir. 2016). Courts consider five factors in deciding whether such a suit may nonetheless proceed: (1) "the similarity of interest between the named party and unnamed party"; (2) whether the identity of the unnamed parties were "ascertain[able]" to the plaintiff "at the time [of] the EEOC charge"; (3) "whether the unnamed parties received adequate notice"; (4) "whether the unnamed parties had an adequate opportunity to participate"; and (5) whether the unnamed parties were prejudiced by their exclusion from the EEOC proceedings. *Id.* at 874–75.

Here, the relevant factors weigh against excusing Plaintiff's failure to exhaust administrative remedies as to Shook and Oakes.  *First*, courts most

13

often find a "similarity of interest" when the parties are "closely related entit[ies]." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994). Shook and Oakes are not entities, but individual Accenture employees against whom Plaintiff has no right of action under Title VII. *See* Section III.A, *supra*. *Second*, Shook and Oakes's identities were fully ascertainable at the time Plaintiff filed the EEOC charge. Indeed, Plaintiff "clearly knew" their identities because they emailed their resignation to both defendants. *Lewis v. Asplundh Tree Expert Co.*, 402 F. App'x 454, 457 (11th Cir. 2010); *see* FAC ¶ 155. *Third*, Shook and Oakes lacked notice of potential claims against them because Plaintiff's EEOC charge "made no factual allegations" whatsoever concerning their alleged conduct. *McClure*, 674 F. App'x at 875; Ex. A. *Fourth*, Defendants were "not included or invited to participate" in the EEOC process. *Lewis*, 402 F. App'x at 457. *Fifth*, and as a result, they are now "prejudiced," *id.*, because they face a lawsuit that could have been easily avoided had Plaintiff presented a charge to the EEOC—which doubtless would have informed them that a Title VII claim will not lie against individual employees.

## C. Plaintiff Fails To State A Sex Discrimination Claim.

Even assuming Plaintiff could overcome these insurmountable obstacles to their Title VII sex discrimination claim (Count I) against Shook or Oakes, that claim fails on the merits. A Title VII discrimination claim "can take the form either of a 'tangible employment action,' such as a firing or demotion, or

of a 'hostile work environment.'" *Evans v. Atlanta Pub. Schs.*, 2016 WL 6824422, at *4 (N.D. Ga. Sept. 20, 2016). Here, Plaintiff fails to allege any facts supporting the inference that Shook or Oakes "subjected [them] to an adverse employment action *because of*" their gender identity and sexual orientation. *Hawthorne v. DeJoy*, 2023 WL 5987406, at *4 (N.D. Ga. June 27, 2023) (emphasis added). The sex discrimination count does not contain a single allegation specific to these defendants, asserting only that "all" defendants somehow "bear responsibility" for Young's conduct because of the "deliberate nature" of his acts. FAC ¶ 169. But individual defendants like Shook and Oakes cannot be held vicariously liable under Title VII for Young's alleged harassment as a matter of law. *See* Section III.A, *supra*. Plaintiff has also failed to state a hostile work environment claim against Shook or Oakes for the reasons explained below, *see* Section III.D, *infra*, and Plaintiff cannot revive this failed theory under the guise of a gender discrimination claim.

### D.  Plaintiff Fails To State A Hostile Work Environment Claim.

Plaintiff's hostile work environment claim against Shook and Oakes (Count II) also fails as a matter of law because it is premised entirely on the conduct of a separate defendant—Young. To state a hostile work environment claim, a plaintiff must allege that they experienced conduct that "is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Ogletree v. Necco*, 2016 WL

7010869, at *8 (N.D. Ga. Nov. 30, 2016).  But the only allegedly "severe or pervasive" conduct to which Plaintiff points are Young's "sexually harassing communications" and "forced hugs."  FAC ¶¶ 178–90.  The hostile work environment count contains only a single, conclusory allegation against Shook and Oakes: that these defendants engaged in unspecified acts of "negligence and retaliation." *Id.* ¶ 192. Such empty accusations, bereft of any well-pleaded facts, do not come close to stating a hostile work environment claim against these defendants.  *See Iqbal*, 556 U.S. at 678.

Nor can Plaintiff salvage this claim by purporting to "re-allege[] and incorporate[]" all "factual allegations in paragraphs 1–176" into the hostile work environment claim.  FAC ¶ 177.  The Eleventh Circuit has "condemned" the practice of incorporating "preceding paragraphs . . . by reference," *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015), and these preceding paragraphs do not show "severe or pervasive" conduct by Shook or Oakes in any event, *Harris*, 510 U.S. at 21.  Shook allegedly served as "one of the final decisionmakers about the outcome of the investigation" into Young's conduct, FAC ¶ 105—an investigation that ended in Young's termination and therefore permanently remedied the hostile work environment he allegedly created.  Oakes, too, allegedly participated in the decision to transfer Plaintiff to a new team *at Plaintiff's request*, Ex. C—a decision that does not show severe or pervasive conduct by Oakes.

16

Plaintiff fails, finally, to plead a hostile work environment claim against Shook or Oakes with their allegation that these defendants "failed to offer any measure of support . . . despite their awareness of Plaintiff Cole's struggle reacclimating back into the office." FAC ¶ 122. A failure to support does not amount to a hostile work environment, which requires "objectively hostile or abusive" behavior. *Harris*, 510 U.S. at 21; *see also Brannon v. Sec'y, Dep't of Veterans Affs.*, 2023 WL 1161129, at *5 (11th Cir. Jan. 31, 2023) (requiring "discriminatory intimidation, ridicule, and insult"). Nor did the Accenture workplace turn hostile because Oakes allegedly "ignored and dismissed" Plaintiff's "suggestions" for their preferred "supervisor or career counselor." FAC ¶ 119. Any rule requiring that employees be permitted to choose their own supervisor would effectively place employees in charge of the workplace.

### E.    Plaintiff Fails To State A Constructive Discharge Claim.

Plaintiff fails to plausibly allege that their resignation amounted to a constructive discharge (Count III) for the reasons explained in Accenture's motion to dismiss. Mot. 13–14. An employee can assert a constructive discharge claim if "working conditions were so intolerable that a reasonable person in his position would have been compelled to resign." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001). This threshold is even "higher than the standard for . . . a hostile work environment." *Id.* Because Plaintiff has failed to state a hostile work environment claim against Shook

and Oakes, they "cannot meet the higher standard" for constructive discharge either. *Palmer v. McDonald*, 624 F. App'x 699, 704 (11th Cir. 2015).

The constructive discharge claim against Shook and Oakes also fails because this count does not contain a single allegation related to these defendants. FAC ¶¶ 194–204. Plaintiff instead places the blame squarely on Young, asserting that their decision to resign was "the direct and proximate consequence of Mr. Young['s] severe and pervasive sexual harassment." *Id.* ¶ 201. Plaintiff's own allegation thus forecloses a constructive discharge claim against Shook and Oakes, who are not alleged to have caused the supposedly "intolerable" conditions that prompted Plaintiff to resign. *Id.*

### F.   Plaintiff Fails To State A Retaliation Claim.

Finally, the Title VII retaliation claim (Count IV) against Shook and Oakes must also be dismissed because Plaintiff fails to allege they "suffered any adverse employment action" because of any protected activity. *Greene v. Ala. Dep't of Revenue*, 746 F. App'x 929, 931 (11th Cir. 2018).

Plaintiff's transfer—in which Oakes was supposedly "involved," FAC ¶ 120—does not qualify as an adverse employment action. *First*, Plaintiff "*asked* to be transferred to another team." Ex. C (emphasis added). A job transfer that is "the result of [the employee's] own request" cannot be retaliatory. *Jenkins v. MCG Health, Inc.*, 2008 WL 116335, at *11 (S.D. Ga. Jan. 7, 2008); *see Mitchell v. Univ. of N. Ala.*, 785 F. App'x 730, 733, 737 (11th

18

Cir. 2019) ("reassignment" plaintiff "asked for" was not materially adverse). And because Plaintiff requested the transfer, they cannot show a "causal connection between the protected activity and the adverse employment decision," further undermining the claim. *Greene*, 746 F. App'x at 931.

*Second*, the transfer would not be materially adverse regardless because it did "not involve a demotion in form or substance." *Buford v. Life Storage, LP*, 2019 WL 13031988, at *12 (N.D. Ga. Oct. 17, 2019). Plaintiff does not allege the transfer involved a reduction in "title, pay, benefits, [or] hours." *Mitchell*, 785 F. App'x at 737. Instead, Plaintiff asserts that the team to which they were transferred was "less prestigious." FAC ¶¶ 117, 215. But without any facts showing a "tangible harm" from the transfer, this conclusory allegation is insufficient to plead a materially adverse employment action. *Davis v. O'Rourke*, 2018 WL 8997476, at *9 (N.D. Ga. July 18, 2018), *adopted by* 2018 WL 8997472 (N.D. Ga. Sept. 24, 2018).[3]

Plaintiff also alleges that Oakes and Shook were "personally aware" of Young's alleged harassment and yet "completely failed to offer any measure of support" as Plaintiff was "reacclimating back into the office." FAC ¶¶ 118, 121–22. But Plaintiff's subjective belief that these defendants failed to provide

---

[3] Plaintiff's reliance on *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024), is misplaced. *Muldrow* did not address Title VII retaliation claims, to which the "materially adverse" standard still applies. *See Muldrow*, 144 S. Ct. at 976.

maximal emotional "support" does not create a materially adverse action. *Clayton v. Dreamstyle Remodeling of Colo., LLC*, 2022 WL 910957, at *18 (D. Colo. Mar. 28, 2022) (an employer's failure "to take particular corrective action that the plaintiff desires[] does not amount to a materially adverse employment action").

## IV.   Plaintiff's Tort Claims Fail As A Matter Of Law.

Plaintiff's tort claims likewise fail as a matter of law. *First*, Plaintiff fails to allege facts sufficient to demonstrate that Shook or Oakes are vicariously liable for Young's alleged torts, which requires dismissal of Plaintiff's IIED claim. *Second*, Plaintiff fails to state a claim based on Shook's or Oakes's own conduct, which requires dismissal of the negligent infliction of emotional distress and negligent retention claims.

### A.   Shook And Oakes Are Not Vicariously Liable For Young's Alleged Torts.

Plaintiff's IIED claim (Count VII) is premised on alleged conduct *by Young*, but neither Shook nor Oakes can be held vicariously liable for that conduct as a matter of law. Vicarious liability requires an employment or principle-agent relationship. *See West v. DJ Mortg., LLC*, 271 F. Supp. 3d 1336, 1355 (N.D. Ga. 2017). Here, however, *Accenture* was Young's employer. FAC ¶ 9. Plaintiff pleads no facts showing that Shook or Oakes had any other principal-agent relationship with Young. That suffices to dismiss the claim.

20

Even assuming Plaintiff could establish the necessary principal-agent or employment relationship, the IIED claim still fails.  Under Georgia law, an employer or principal "may be held liable for its employee's tortious acts in three circumstances: (1) when the employer authorized the act prior to its commission; (2) when the employer ratified the act after its commission; or (3) when the act was committed within the scope of the employment." *Benson v. Deere & Co.*, 2019 WL 12382920, at *9 (N.D. Ga. May 10, 2019); *see also Stewart v. Storch*, 617 S.E.2d 218, 222 n.7 (Ga. Ct. App. 2005) (recognizing that "the same rules apply to the principal/agent relationship").  None of those circumstances is present here.

Plaintiff makes no allegation that either Shook or Oakes authorized Young's alleged acts of harassment.  Nor did either defendant ratify this conduct after the fact by "accept[ing] and retain[ing] the benefits of" Young's harassment.  *DaimlerChrysler Motors Co. v. Clemente*, 668 S.E.2d 737, 746 (Ga. Ct. App. 2008).  Shook did the opposite: she was "one of the final decisionmakers" who ended Young's employment in response to Plaintiff's complaint.  FAC ¶¶ 105, 107–08; *see also Cramer v. Bojangles' Rests., Inc.*, 2012 WL 716176, at *17 (N.D. Ga. Feb. 8, 2012) (rejecting ratification liability where defendant "immediately took steps to address" alleged conduct).

Finally, Young's alleged harassment did not take place "within the scope" of any employment or agency relationship with Shook or Oakes.  *Benson*,

21

2019 WL 12382920, at *9.  Under Georgia law, an employee's "acts of sexual harassment" are "not committed within the scope of . . . employment." *Storch*, 617 S.E.2d at 221; *Doe v. Fulton-DeKalb Hosp. Auth.*, 628 F.3d 1325, 1334–35 (11th Cir. 2010) (similar).  This is because "these types of torts, being purely personal in nature, are unrelated to the employee's duties" and "not in furtherance of the master's business." *Alpharetta First United Methodist Church v. Stewart*, 472 S.E.2d 532, 536 (Ga. Ct. App. 1996).  This conclusion is particularly evident here, where the events giving rise to the IIED claim occurred outside of the office during a federal holiday.  *See* FAC ¶¶ 57–67.

## B.     Plaintiff Fails To State A Tort Claim Based On Any Alleged Conduct By Shook Or Oakes.

***Negligent Infliction of Emotional Distress (Count VIII).***  "Georgia law does not recognize a cause of action for . . . 'negligent infliction of emotional distress.'" *Bowens v. Sodexo, Inc.*, 2019 WL 13268194, at *13 (N.D. Ga. Feb. 14, 2019).  Georgia also restricts the availability of emotional distress damages for an "ordinary negligence" claim, allowing recovery only when (1) "defendant's negligence causes a physical impact," (2) that impact "causes physical injury" to plaintiff; and (3) the "physical injury" causes "emotional distress." *Id.*  Plaintiff fails to satisfy any of these conditions.

*First*, Plaintiff fails to plausibly allege that either Shook or Oakes was negligent.  The negligence count asserts that Shook and Oakes "engaged in

repeated efforts to protect and maintain Defendant Young's professional and personal reputation," FAC ¶ 247, without specifying what those alleged efforts entailed. Even assuming this conclusory allegation were true, however, Shook and Oakes do not owe Plaintiff a duty of care simply because they work at the same company. *See Rasnick v. Krishna Hosp., Inc.*, 690 S.E.2d 670, 673 (Ga. Ct. App. 2010) ("legal duty" must be imposed by either "a valid statutory enactment" or "a recognized common law principle declared in the reported decisions of our appellate courts"); *McCrary v. Middle Ga. Mgmt. Servs., Inc.*, 726 S.E.2d 740, 746 (Ga. Ct. App. 2012) (employer has "no duty . . . to render aid" for an employee's "emotional well-being" when it is not "responsible for creating [the] situation"). And even if they did, Shook and Oakes did not breach that duty by somehow protecting Young's reputation. Indeed, exercising discretion about the sensitive allegations at issue could reasonably be deemed to be protective of the Plaintiff and, in any event, certainly not negligent. The negligent infliction claim should thus be dismissed. *See Hadley v. Bank of Am., N.A.*, 2018 WL 4656426, at *12 (N.D. Ga. Aug. 27, 2018) (recognizing a plaintiff "cannot independently seek recovery of emotional distress damages" where they fail to state "any claims rooted in negligence").

*Second*, Plaintiff fails to allege that any negligence caused the required "physical" impact or injury. *Bowens*, 2019 WL 13268194, at *14. The single event underlying Plaintiff's claim—Shook and Oakes's alleged "efforts to

protect" Young's "reputation," FAC ¶ 247—"involved no physical impact." *Bowens*, 2019 WL 13268194, at *14 (allegation that defendants failed to "properly accommodate" plaintiff's disability insufficient to allege a "physical impact"). Similarly, Plaintiff's claimed injuries—anxiety, emotional distress, and humiliation, FAC ¶ 256—are not "physical." *Benson*, 2019 WL 12382920, at *10. Nor does Plaintiff's alleged anorexia satisfy this requirement. *See Terrafranca v. Virgin Atl. Airways Ltd.*, 151 F.3d 108, 111–12 (3d Cir. 1998) (anorexia and other "physical manifestations" of "psychic or psychosomatic injuries" do not constitute "bodily injury"). And even if it did, Plaintiff's anorexia does not suffice because it did not arise from any physical *impact. See Eley v. Fedee*, 869 S.E.2d 566, 570 (Ga. Ct. App. 2022).

***Negligent Retention (Count IX).*** Plaintiff fails to allege any facts giving rise to a plausible inference that Shook or Oakes negligently retained Young. A claim for negligent retention arises when an employer negligently retains an employee and the employee "subsequently harms the plaintiff." *Farrell v. Time Serv., Inc.*, 178 F. Supp. 2d 1295, 1300 (N.D. Ga. 2001). Plaintiff "must allege facts showing that the employer knew or should have known of an employee's tendencies to engage in certain behavior relevant to" the plaintiff's alleged injuries. *Rogers v. Bon Appetit Mgmt. Co.*, 2023 WL 4629544, at *3 (N.D. Ga. July 19, 2023).

Here, however, neither Shook nor Oakes was Young's employer. FAC

¶ 9.  Plaintiff also pleads no facts suggesting that Shook or Oakes knew, or had reason to know, that Young "had a history of sexual harassment" before Plaintiff reported him on December 2, 2022.  *Brady v. Harris Ventures Inc.*, 2022 WL 22288351, at *4 (N.D. Ga. Feb. 3, 2022).  Plaintiff alleges that Young "implied" to unspecified "colleagues" that his departure from his prior job was "not voluntary," and from there leaps to the conclusion that Young "may have sexually harassed" a "former subordinate."  FAC ¶ 260.  But Plaintiff pleads no facts suggesting that Shook or Oakes were among the unnamed colleagues who knew Young left his previous job involuntarily—much less that they had reason to suspect the departure was related to sexual harassment.

Nor can Plaintiff bring a claim based on Accenture's brief retention of Young during its investigation.  After Plaintiff "reported" Young's alleged harassment on December 2, 2022, Accenture promptly investigated and ended Young's employment on January 10, 2023, a decision in which Shook allegedly participated.  FAC ¶¶ 100–05, 108.  Plaintiff has no actionable injury because they do not allege that Young harassed them at any point during that interlude, when Plaintiff remained on leave.  *Id.* ¶¶ 102, 109; *see Rogers*, 2022 WL 17566106, at *2 (dismissing negligent retention claim where "Plaintiff does not allege how the behavior continued . . . after Defendant was put on notice").

## CONCLUSION

The Court should dismiss the claims as to Shook and Oakes.

Dated:  June 10, 2024                    Respectfully submitted,

  /s/ Jason C. Schwartz
Jason C. Schwartz (*pro hac vice*)
Katherine Moran Meeks (*pro hac vice*)
Zoë Klein (*pro hac vice forthcoming*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-9500
jschwartz@gibsondunn.com

  /s/ Holly McDaniel
Holly McDaniel (Ga. Bar No. 733703)
LITTLER MENDELSON, PC
3424 Peachtree Road, NE
Atlanta, GA 30326
(404) 233-0330
hmcdaniel@littler.com

Jennifer Schilling (*pro hac vice)*
LITTLER MENDELSON, PC
321 N. Clark Street, Suite 1000
Chicago, Illinois 60654
(312) 846-7027

*Attorneys for Defendants Ellyn Shook
and Ryan Oakes*

26

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify on June 10, 2024, that the foregoing complies with the font and point selection approved by this Court in Local Rule 5.1(B).   This paper was prepared on a computer using Century Schoolbook 13-point font, double spaced.


 /s/ *Jason C. Schwartz*
Jason C. Schwartz

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2024, I caused the foregoing Memorandum of Law to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Jason C. Schwartz*
Jason C. Schwartz
