IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HALEY COLE, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No.: |
| | ) 1:24-CV-01897-MHC-JKL |
| | ) |
| v. | ) |
| | ) |
| ACCENTURE, LLP and | ) |
| LAWRENCE CHRISTOPHER | ) |
| YOUNG, ELLYN SHOOK, and | ) |
| RYAN OAKES in their individual | ) |
| and professional capacities, | ) |
| | ) |
| Defendants | ) |

## DEFENDANT LARRY CHRISTOPHER YOUNG'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Larry Christopher Young ("Young"),[1] Defendant in the above-styled action, by and through his undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 12(b), hereby moves this Honorable Court to dismiss all claims in Plaintiff's First Amended Complaint brought against Young. In support thereof, Young shows this Court the following:

---

[1] Mr. Young is improperly named in this case as "Lawrence Christopher Young."

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Young began working for Defendant Accenture, LLP ("Accenture") after serving as the Deputy Chief of Staff for the United States Department of Agriculture. *See* Plaintiff's Amended Complaint ("Am. Compl."), Doc. 4 ¶ 32. While the details described in the Complaint are disputed, it is not in dispute that Young and Plaintiff (who are both residents of Georgia) worked together in some capacity for some time. *Id.,* at ¶¶ 7, 9, 37-45.

Plaintiff contends that while Plaintiff and Young worked together, Young engaged in behavior amounting to gender discrimination, sexual harassment creating a hostile work environment, and constructive discharge in violation of 42 U.S.C.A. § 2000e *et seq.* ("Title VII Claims"). Am. Compl. ¶¶ 160-204. Plaintiff further brings several tort claims against Young for that same behavior. *Id.,* at ¶¶ 218-256.

Plaintiff filed an Original Complaint under seal on April 30, 2024. [Doc. 1]. The Amended Complaint was filed on May 2, 2024. Each of Plaintiff's Title VII Claims against Young fail as a matter of law for being untimely and improperly brought against an individual. Moreover, many of Plaintiff's tort claims must be dismissed due to the passing of the applicable statute of limitations. And finally, considering the current stature of the case, Young requests the Court, in its discretion, choose not to exercise supplemental jurisdiction over the remaining tort claim, and appropriately dismiss it.

For ease of review, the Plaintiff's counts alleged against Young are as follows:

Count I:      Gender Discrimination in Violation of Title VII

Count II:     Sexual Harassment and Hostile Work Environment in Violation of Title VII

Count III:    Constructive Discharge in Violation of Title VII

Count V:      Battery

Count VI:     Invasion of Privacy

Count VII:    Intentional Infliction of Emotional Distress

Count VIII:   Negligent Infliction of Emotional Distress

Count X:      Punitive Damages

## II.   CITATION TO LEGAL AUTHORITY AND ARGUMENT

### A. Standard of Review.

Rule 12(b) permits defendants to assert certain defenses by motion, and such motion "must be made before pleading if a responsive pleading is allowed." *See, Myrick v. Fulton Cnty., Georgia,* 69 F.4th 1277 (11th Cir. 2023). In deciding a Rule 12(b) motion to dismiss, the Court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Id.,* at 1294. While the facts are assumed to be true, under Rule 12(b)(6) "courts 'are not bound to accept as true a legal conclusion

couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Rule 12(b)(6) applies to failures to state claims upon which relief can be granted, and "the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).

Motions under Rule 12(b)(1) attack subject matter jurisdiction and come in the form of a "facial attack" or a "factual attack." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997). When a factual attack of subject matter jurisdiction does not implicate the merits of the complaint, then "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cr. 1990).

Plaintiff's claims against Young cannot succeed, as the Plaintiff's Title VII claims are inapplicable to Young, and without those claims, the Court has no supplemental jurisdiction over Plaintiff's remaining tort claims.

### B. **Plaintiff's Title VII Claims Fail as a Matter of Law Due to Being Time-Barred and Inapplicable Against Young.**

Plaintiff brings three Title VII Claims against Young: Gender Discrimination (Count I), Sexual Harassment and Hostile Work Environment (Count II), and Constructive Discharge (Count III). Counts I and II fail due to being time-barred, all the Title VII Claims fail to state a proper claim, and there can be no cause of action against Young as an individual under Title VII. For all of these reasons, the Title VII Claims against Young should be dismissed under Rule 12(6)(b) due to failure to state a claim upon which relief can be granted.

#### i. **Counts I and II against Young are Untimely.**

Plaintiff has brought three Title VII Claims against Young. A plaintiff asserting a claim under Title VII must file a charge with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C.A. sec. 2000e-5(e)(1); *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir. 2001). Plaintiff filed a charge with the EEOC on December 29, 2023. Am. Compl. ¶ 16. The allegedly discriminatory conduct would therefore have had to occur before July 2, 2023 in order to avoid being statutorily time-barred.

Count I of Plaintiff's Amended Complaint alleges that the discriminatory behavior exhibited by Young "[s]tart[ed] in 2020 and persist[ed] through December 2022." *Id.,* ¶ 174. Young's last day at Accenture was January 18, 2023. *Id.,* ¶ 108. Plaintiff's claims under Count II are based on the same alleged behavior and time period as Count I. Both claims are untimely, as all acts alleged must have been completed by January 18, 2023, far more than 180 days before Plaintiff filed the December 2023 charge with the EEOC. *See Wood v. City of Cordele,* 2013 WL 5952165, at *5 (M.D. Ga. Nov. 6, 2013) (dismissing hostile work environment claim because "none of [the] alleged incidents . . . occurred within 180 days" of the EEOC charge).

### ii. **Plaintiff's Title VII Claims Against Young are Improper as a matter of law, as Title VII Grants Relief Only Against the Employer, not Individual Employees.**

"The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (emphasis in original). "[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.* Plaintiff has named Young in his individual capacity as to Counts I-III, which is contradictory to the intended relief offered by Title VII. Young is not a proper party to any Title

VII Claim in his individual capacity, and all such Counts against him should be dismissed for that reason. *See Aquino v. Mobis Alabama, LLC,* 3:22-CV-145-TCB, 2024 WL 2764047, at *33 (N.D. Ga. May 28, 2024) (finding that when defendant employee was alleged to have made racist comments, the court did not "find these facts sufficient to 'plausibly suggest intentional discrimination,' [cite], on behalf of any [d]efendant other than [employer]," referencing *Busby* in a footnote); *See also Marshall v. Tidal Wave Response, LLC,* 1:21-CV-05186-SDG, 2024 WL 1285210, at *1 (N.D. Ga. Mar. 26, 2024) (clarifying post-judgement that "Title VII imposes liability on employers only," and therefore arguments to collect front pay and prejudgment interest against employee could not rely on Title VII case law).

### C. **Plaintiff's Remaining Tort Claims Against Young Fail Due to the Passing of the Appropriate Statutes of Limitations; and Alternatively Lack of Subject Matter Jurisdiction Over State Law Claims.**

In addition to the above Title VII Claims, Plaintiff has brought tort claims against Young for Battery (Count V), Invasion of Privacy (Count VI), Intentional Infliction of Emotional Distress (Count VII), and Negligent Infliction of Emotional Distress (Count VIII) (collectively the "Tort Claims"). The specific acts alleged on the part of Young are: text messages sent around October 1, 2020, an inappropriate inquiry on November 22, 2021, the texting

and video call on January 1, 2022 and a "forcibl[e] hug" on June 9, 2022. Am. Compl. ¶¶ 54, 55, 57-70, 84.

### i. All Alleged Acts on the Part of Young aside from the "Forcibl[e] Hug," are Barred By the Statute of Limitations.

O.C.G.A. § 9-3-33 provides that actions for injuries to the person are subject to a two year statute of limitations from the time the right of action accrues. This action was brought on April 30, 2024. The only specific actions alleged on the part of Young in the Amended Complaint occurred before April 30, 2022, save the June 9 2022 hugging. Intentional and negligent infliction of emotional distress claims begin to run from the time the act occurs when the act "is in and of itself an invasion of some right of the plaintiff." *Fitzpatrick v. Harrison*, 854 F. Supp. 2d 1334 (S.D. Ga., 2010). Invasion of privacy also operates under the two year statute of limitations. *See, Hudson v. Montcalm Pub. Corp.,* 190 Ga. App. 629 (1989).

Counts VI, VII, and VIII must be dismissed in their entirety for being untimely, and Count V should be partially dismissed as to any alleged touching which occurred before April 30, 2022.

### ii. Supplemental Jurisdiction Should not be Exercised Over the Tort Claims.

Plaintiff bases subject matter jurisdiction in this matter on the theory that the Title VII Claims satisfy federal question jurisdiction, with the Court

Page 8

having supplemental jurisdiction over the Tort Claims, and diversity jurisdiction applying in the alternative. Am. Compl. ¶ 12.

However, diversity jurisdiction is improper, as both Plaintiff and Young are residents of Georgia. Plaintiff's Amended Complaint alleges that "[f]ederal jurisdiction is also proper in this Court pursuant to 28 U.S.C.A. § 1332, as one or more parties to this case are citizens of different states." *Id.* This interpretation of 28 U.S.C.A. § 1332 is incorrect, as "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Plaintiff explicitly notes in the Amended Complaint that Plaintiff is a resident of Georgia, and that Young is also a resident of Georgia. Am. Compl. ¶¶ 7, 9. Therefore, every plaintiff is not diverse from every defendant, defeating diversity jurisdiction.

With the Title VII Claims failing for the reasons described *supra,* no claim of original jurisdiction remains. 28 U.S.C.A. § 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction. Supplemental jurisdiction "need not be exercised in every case" and is "a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1996). "The discretion to entertain or dismiss the pendent state claims continues throughout the proceeding. *L.A. Draper & Son*

*v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). In *Wheelabrator-Frye*, the 11th Circuit stated:

> The district court's discretionary decision whether or not to entertain pendent state claims is guided generally by four factors: (1) whether the state law claims predominate in terms of proof, the scope of the issues raised, or the comprehensiveness of the remedy sought; (2) whether comity considerations warrant determination by a state court (*i.e.,* is the state claim novel or particularly complex such that an accurate definitive interpretation of state law is necessary); (3) whether judicial economy, convenience, and fairness to the litigants would best be served by trying the federal and state claims together; and (4) whether "the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." *Jackson v. Stinchcomb,* 635 F.2d at 473 (quoting *United Mine Workers v. Gibbs,* 383 U.S. at 726–27, 86 S.Ct. at 1139–40).

*Wheelabrator-Frye,* 735 F.2d 414 at 428. The 11th Circuit's interpretation of the Supreme Court's ruling in *Gibbs* is that "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of the state claims." *Id.* In looking particularly at the factor of "fairness to the litigants," it is important to note that Plaintiff's bringing Title VII claims against Young in his individual capacity was frivolous, as precedent makes it clear that such claims are unambiguously improper.

Further, when considering the meritorious arguments put forth by Defendants Accenture LLP, Ellyn Shook, and Ryan Oakes in their pending Motions to Dismiss, it is likely that the sole surviving claim in this case would

be the battery claim against Young, which is more appropriately handled in state court from a judicial economy perspective and is not tied in any way to questions of federal policy. [Doc. 19, 20.]

And while one factor which could influence the Court to accept supplemental jurisdiction is the running of the statute of limitations while the present action is pending,[2] this is easily remedied and not of concern in this instance. First, O.C.G.A. § 9-2-61 provides that:

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

Plaintiff has not yet exercised this privilege, and therefore would not be prejudiced by dismissal for lack of subject matter jurisdiction at this stage. This Georgia law nullifies what may be a concern in other jurisdictions.

---

[2] *Wheelabrator-Frye,* 735 F.2d 414 at 428 ("[i]f the statute of limitations had run on [plaintiff's] state claims, previous decisions of this court strongly indicate that dismissal of the state claims would be an abuse of discretion" . . . with the court referring to the issue as whether a state forum was "available" in *Alabama* courts).

### D. **Plaintiff's Punitive Damages Claim Should be Dismissed, as it is Derivative of all Other Claims.**

Count X of Plaintiff's Amended Complaint seeks punitive damages against all Defendants under Georgia Law. Am. Compl. ¶¶ 286-288. As all other Counts against Young should be dismissed for the reasons described *supra,* Count X should also be dismissed against Young, as it relies on the other Counts' success. *See Perkins v. Thrasher,* 701 Fed. Appx. 887, 891 (11th Cir. 2017) ("[plaintiff's] Georgia state law claims for punitive damages under O.C.G.A. § 51-12-5.1 and attorney's fees under O.C.G.A. § 13-6-11 are derivative of Georgia tort law claims and thus require an underlying claim").[3]

### CONCLUSION

Plaintiff's attempt to bring Title VII actions against Young in his individual capacity fails as a matter of law, and the claims further fail for being untimely. The Tort Claims are also largely untimely, and given the failure of Plaintiff's federal question claims under Title VII, this Court should exercise its discretion to not exercise supplemental jurisdiction over said claims. Young therefore asks this Court to dismiss all pending claims against him.

[signature on following page]

---

[3] Plaintiff does not specify a code section under which punitive damages are sought, and the case law relied upon in the Amended Complaint references an outdated code section. Am. Compl. ¶¶ 287.

Page 12

Respectfully submitted, this 27th day of June, 2024.

                          MOORE INGRAM JOHNSON & STEELE, LLP

                          */s/ Jeffrey A. Daxe*
                          Jeffrey A. Daxe
                          Georgia Bar No.: 213701
                          jad@mijs.com
                          Attorneys for Defendant Larry Christopher Young

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this Brief complies with the spacing, font, and font size requirements set out in Local Rule 5.1.

This 27th day of June, 2024.

        MOORE INGRAM JOHNSON & STEELE, LLP

        */s/ Jeffrey A. Daxe*
        Jeffrey A. Daxe
        Georgia Bar No.: 213701
        jad@mijs.com
        Attorneys for Defendant Larry Christopher Young

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing DEFENDANT LARRY CHRISTOPHER YOUNG'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT upon the following by electronically filing same with the Court via CM/ECF, providing notice to the counsel of records as follows:

Frederica Joy White
Angelyn Tinsman
Alexandria S. Huiskens
The White Legal Group LLC
1450 W. Peachtree Street, N.W.
#200, PMB 56702
Atlanta, GA 30309

*Attorneys for Plaintiff*

Holly McDaniel
Little Mendelson
3424 Peachtree Road, NE
Ste. 1200
Atlanta, GA 30326

Jennifer Schilling
Little Mendelson
321 N. Clark St., Suite 1100
Chicago, IL 60654

*Attorneys for Accenture, LLC, Ellyn Shook, and Ryan Oakes*

This 27th day of June, 2024.

MOORE INGRAM JOHNSON & STEELE, LLP

*/s/ Jeffrey A. Daxe*
Jeffrey A. Daxe

Emerson Overlook
326 Roswell Street, Suite 100
Marietta, GA 30060
jad@mijs.com
(770) 429-1499

Page 15